**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLAN DUANE SADLER,

        Plaintiff,　　　　　　　Case Number: 10-11727

v.　　　　　　　　　　　　　　　PAUL D. BORMAN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
COMMISSIONER OF SOCIAL SECURITY,
　　　　　　　　　　　　　　　　VIRGINIA M. MORGAN
        Defendant.　　　　　　UNITED STATES MAGISTRATE JUDGE

_____ /

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 10) AND GRANT THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 12)**

      Plaintiff, Allan Sadler, appeals the Social Security Commissioner's unfavorable decision denying him disability benefits. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

**I. Background**

      Plaintiff applied for Supplemental Security Income Benefits ("SSI") on September 8, 2005, claiming disability as of May 1, 1999 due to right knee pain and mental health issues. (Tr. 39, 48). Plaintiff has a twelfth-grade education and has experience as a general laborer, maintenance worker, and prep cook. (Tr. 49, 54). Plaintiff last worked as a packager for two months during 2006. (Tr. 334-335). Plaintiff was forty-seven years old when he applied for benefits. (Tr. 79). Plaintiff has been incarcerated three times, mostly recently from 1998-2005 for the possession and sale of drugs.

1

(Tr. 112).

Plaintiff's benefit application was denied on January 10, 2006. (Tr. 22). Plaintiff filed a timely notice for a hearing. (Tr. 27). On August 15, 2007, Administrative Law Judge David Mazzi held a hearing at which Plaintiff was represented by counsel. (Tr. 330).

On December 29, 2009, ALJ Mazzi issued a decision affirming the denial of Plaintiff's applications. (Tr. 10). The ALJ found that Plaintiff has the following severe impairments: "adjustment disorder, post-traumatic stress disorder, a history of right knee injury and surgical repair and obesity." (Tr. 15). .The ALJ also determined that Plaintiff's impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii) and § 416.920(a)(4)(ii), but that he did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. (Tr. 16). The ALJ concluded that Plaintiff had the residual functional capacity to perform light level work, with simple repetitive tasks and occasional contact with supervisors, co-workers, and the general public (Tr. 16). Accordingly, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 19).

After receiving the ALJ's unfavorable decision, Plaintiff appealed to the Appeals Council but the Appeals Council denied hisrequest for review. (Tr. 1-4). Subsequently, Plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the

    mailing to him of notice of such decision or within such further time
    as the Commissioner of Social Security may allow.

  Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

### III. Analysis

  Plaintiff argues that the ALJ erred as a matter of law by forming an inaccurate hypothetical that did not accurately incorporate his impairments. (Doc. No. 10, Pl.'s MSJ 6). Specifically, Plaintiff complains that the ALJ did not "fully and properly" incorporate his "moderate" difficulties in maintaining attention, concentration, persistence, and pace into the hypothetical posed to the vocational expert. *Id.* at 8. Plaintiff further argues that the limitation that the ALJ did include, that he was limited to "simple repetitive tasks," does not adequately reflect his concentration limitations. *Id.* at 11. Plaintiff also argues that the ALJ disregarded his testimony that he cannot complete tasks without help and the testimony of his case manager that Plaintiff needs assistance with filling out forms and running errands and he has difficulty remembering, staying on task, and completing tasks without assistance, which bolsters his contention that he has concentration difficulties. *Id.* at 13.

  The Commissioner responds that the evidence supports the ALJ hypothetical accurately

described Plaintiff's work related limitations. (Doc. No. 12, Def.'s MSJ 10). The Commissioner argues that the ALJ took into account Plaintiff's history of depression, Drs. Neubecker and Dickson's opinions that Plaintiff had no severe mental impairment other than a history of cocaine dependence, Plaintiff's outpatient mental health treatment and improvement, and she credited Plaintiff's testimony that he had concentration limitations and restrictions in daily living and social functioning. *Id.* at 12-13. The Commissioner also notes that Plaintiff's testimony about his concentration limitations was inconsistent with a previously written report that he did not have any difficulty scheduling or keeping appointments or finding locations. *Id.* at 15. Based on the evidence the record, the Commissioner asks this court to affirm the ALJ's decision as it was supported by substantial evidence. *Id.* at 16-17.

When an ALJ poses a hypothetical question to a vocational expert that fully and accurately incorporates a claimant's physical and mental limitations, and the vocational expert testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). The ALJ is not required to specifically refer to a claimant's medical conditions in the hypothetical. *Webb v. Commissioner of Social Security*, 368 F. 3d 629 (6th Cir. 2004). The ALJ is also not required to include unsubstantiated allegations and complaints in a hypothetical. The hypothetical "need only include the alleged limitations of the claimant that the ALJ accepts as credible and that are supported by the evidence." *Delgado v. Commissioner of Social Security*, 30 Fed. Appx. 542, 548 (6th Cir. 2002).

At the hearing, the ALJ first asked the vocational expert to assume a hypothetical individual

4

who is able to perform light work with a limitation to simple, repetitive tasks of unskilled work, and no more occasional contact with co-workers, supervisors, or the public. (Tr. 345). Based on that assumption, the ALJ inquired whether Plaintiff would be able to perform his past work, to which the vocational expert responded, "No, Your Honor." (Tr. 345). The ALJ then asked the vocational expert if there were any jobs that a person with the above described limitations could perform. (Tr. 345). The vocational expert responded "Yes, Your Honor." (Tr. 345). After the vocational expert named numerous jobs that a person with the above described limitations could perform, the ALJ added a sit or stand option limitation. (Tr. 346-347). The vocational expert testified that adding the sit/stand limitation would limit a person to a bench assembler position. (Tr. 347). The ALJ then asked the vocational expert to change the hypothetical from light work to unskilled sedentary work with lifting limitations and no more than occasional contact with people and the vocation expert responded that there were many jobs that a person with those limitations could perform. (Tr. 348). The last limitation the ALJ added to the hypothetical was difficulties with concentration, persistence, or pace on an occasional basis. (Tr. 349). The vocational expert testified that a person with that additional limitation would not be able to work. (Tr. 349).

The hypothetical questions the ALJ asked the vocational expert adequately incorporated Plaintiff's mental limitations. Plaintiff complains that the hypothetical did not contain a limitation regarding difficulties with concentration, persistence, or pace. As recounted above, the ALJ incorporated concentration, persistence, or pace limitations into the hypothetical. (Tr. 349). The hypothetical posed by the ALJ to the vocational expert accurately described Plaintiff's mental impairments; no reversible error occurred.

It appears that Plaintiff's argument is actually that the ALJ erred in determining his residual

5

functional capacity ("RFC") by failing to include a limitation incorporating his moderate difficulties with concentration, persistence, or pace. In evaluating Plaintiff's mental impairments, the ALJ found that Plaintiff has moderate difficulties in activities of daily living, social functioning, concentration, persistence, or pace. (Tr. 16). The ALJ also found that Plaintiff had no episodes of decompensation and no mental impairments that caused at least two marked limitations. (Tr. 16). Accordingly, the ALJ concluded that Plaintiff's mental impairments did not meet or medically equal a listed impairment.

Nonetheless, the ALJ included a limitation in Plaintiff's RFC, limiting Plaintiff to "simple repetitive tasks and occasional contact with supervisors, co-workers and the general public." (Tr. 16). This limitation is supported by the record. Plaintiff suffers from depression but receives mental health treatment, including therapy and medication. (Tr. 115). Plaintiff and his case worker testified that he has trouble interacting with people, completing tasks without help, and has trouble remembering things; however, the state agency's psychological evaluators concluded that Plaintiff's psychological condition does not impair his ability to work. (Tr. 339, 341-342, 118). Given the conflicting evidence in the record regarding Plaintiff's difficulties with concentration, persistence, or pace, the ALJ failure to completely credit Plaintiff's difficulties in those areas is supported by substantial evidence in the record. The ALJ gave credence to Plaintiff and his case worker's testimony that he has trouble concentrating and completing tasks by limiting his RFC to simple repetitive tasks with limited social interaction. The evidence does not support a greater limitation. Accordingly, the ALJ did not err in determining Plaintiff's RFC.

## **IV. Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for

summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arb*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1981). The filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: February 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U.S. Mail on February 9, 2011.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan