UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN DUANE SADLER,

        Plaintiff,                     Civil Case No. 10-cv-11727

v.                                      JUDGE PAUL D. BORMAN

                                        MAGISTRATE JUDGE
                                        VIRGINIA M. MORGAN

SOCIAL SECURITY,
COMMISSIONER OF

        Defendant.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS (Dkt. No. 14), (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. No. 13), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 12), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 10)

This matter is before the Court on the parties cross motions for summary judgment. On February 9, 2011, Magistrate Judge Virginia M. Morgan filed a Report and Recommendation ("R&R") to grant the Commissioner of Social Security's ("Defendant") Motion for Summary Judgment and deny Allan Duane Salder's ("Plaintiff") Motion for Summary Judgment. Plaintiff filed Objections on February 22, 2011. (Dkt. No. 14.)

For the reasons stated below, the Court will DENY Plaintiff's Objections and ADOPT the Magistrate Judge's Report and Recommendation.

### I. BACKGROUND

The Magistrate Judge adequately recounted the relevant facts and procedural history. Her findings are incorporated herein. *See* R&R at 1-2.

1

## II. LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

## III. ANALYSIS

Plaintiff argues that the Administrative Law Judge's ("ALJ") finding that he has moderate difficulties with concentration, persistence or pace, is inconsistent with the finding that Plaintiff can perform light work. Specifically, Plaintiff claims that the hypothetical that the ALJ asked the vocational expert at Plaintiff's disability hearing did not adequately address Plaintiff's difficulties with concentration, persistence or pace. "A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001).

Plaintiff relies on *Benton v. Commissioner of Social Security*, 511 F. Supp. 2d 842 (E.D. Mich. 2007). In *Benton*, the Court found as follows:

> Here, the ALJ found that although Plaintiff has a moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform simple, routine, repetitive work. However, the limitations included in the hypothetical question and the [vocational expert's] testimony regarding the effect a lack of concentration has on the jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration limitations.

*Id.* at 849.

In the instant case, the ALJ asked the vocational expert to consider an individual who could perform "simple, repetitive tasks which would equate to unskilled work . . . ." (R. 345.) The vocational expert concluded that such an individual would be capable of working as a bench assembler and housekeeping cleaner. (R. 346.) The ALJ did ask the vocational expert to consider the same hypothetical individual with "deficiencies in concentration, persistence or pace on an occasional basis . . . ." (R. 349.) The vocational expert then answered: "I think that would preclude all work." (R. 349.)

The ALJ ultimately found that, while there was evidence in the record to support the finding that Plaintiff had moderate difficulties with concentration, persistence and pace, "[o]ther evidence . . . [was] inconsistent with the alleged severity of [Plaintiff's] impairments." (R. 17.) The ALJ noted that Plaintiff was attending substance abuse classes (R. 56), and that he reported some limited work history, which detracted from the credibility of his alleged impairments. Evidence in the record also reflects that Plaintiff attended community college classes for a period of time in 2006. (R. 138.) The ALJ then found that despite Plaintiff's moderate difficulties with concentration, persistence and pace, he was capable of performing light work.

3

Accordingly, based on the record as a whole, and the ALJ's credibility determinations, the ALJ did not err by including a limitation to "simple, repetitive tasks" in his hypothetical question to the vocational expert. The Court thus finds that the ALJ's determination that Plaintiff is capable of performing light work is supported by substantial evidence.

### IV. CONCLUSION

For these reasons, the Court:

(1)   **ADOPTS** the Magistrate Judges's Report and Recommendation granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment;

(2)   **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation; and

(3)   **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 11-21-11